IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-12-D
No. 5:21-CV-221-D

| | |
|---|---|
| DEMETRIUS DESHAUN TONEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 12, 2021, Demetrius Deshaun Toney ("Toney" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 240-month sentence for conspiracy to participate in a pattern of racketeering based on ineffective assistance of counsel [D.E. 963] and filed a memorandum and affidavit in support [D.E. 963-1, 963-2]. On July 22, 2021, the United States moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) and filed a memorandum in support [D.E. 972, 973]. The same day, the court sent Toney a letter notifying him of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 974]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On August 9, 2021, Toney responded in opposition to the United States' motion [D.E. 975]. As explained below, the court grants in part the United States' motion to dismiss and dismisses in part Toney's section 2255 petition.

I.

On July 22, 2019, Toney pleaded guilty pursuant to a written plea agreement to conspiracy to participate in a pattern of racketeering in violation of 18 U.S.C. § 1962(d). See [D.E. 652, 653]. Toney is a notorious gang member who helped to murder a rival gang member. See United States v. Mangum, No. 5:16-CR-12-D-6, 2020 WL 11622519, at *2–5, 8–14 (E.D.N.C. June 9, 2020). On

August 6, 2020, the court held Toney's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 927, 930]; PSR [D.E. 913]. The court calculated Toney's offense level to be 40, his criminal history category to be III, and his advisory guideline range to be 240 months (i.e., the statutory maximum). See PSR ¶¶ 81–82.[1] After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Toney to 240 months' imprisonment. See [D.E. 930] 2. Toney did not appeal.

On May 12, 2021, Toney filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [D.E. 963]. Toney alleges that counsel was constitutionally ineffective by (1) failing to consult with Toney about filing a notice of appeal and (2) failing to take certain actions during the plea negotiation process and at sentencing. See [D.E. 963-1]. On July 22, 2021, the United States filed a motion to dismiss. See [D.E. 972]. Toney opposes the motion. See [D.E. 975].

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss

---

[1] But for the statutory maximum, Toney's advisory guideline range would have been 360 months to life imprisonment. See U.S.S.G. chap. 5 pt. A.

2

into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 202–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 202–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Toney must show (1) that his attorney's performance fell below an objective standard of reasonableness and (2) that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's

3

representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687–88, 691–96; see also Lafler, 566 U.S. at 162–65; Frye, 566 U.S. at 140–41; Hill v. Lockhart, 474 U.S. 52, 57–58 (1985); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Counsel need not file baseless motions or "raise every available nonfrivolous" argument to provide effective representation. See Knowles v. Mirzayance, 556 U.S. 111, 126–27 (2009). Rather, counsel's "reasonable appraisal of a claim's dismal prospects for success" is reason enough not to raise it. Id. at 127. Moreover, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

The Sixth Amendment imposes a duty upon "counsel to consult with the defendant concerning whether to appeal when counsel has reason to believe 'either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)); accord Garza v. Idaho, 139 S. Ct. 738, 746–50 (2019); United States v. Cooper, 617 F.3d 307, 312–14 (4th Cir. 2010); Miller v. United States, 150 F. Supp. 2d 871, 881 (E.D.N.C. 2001). The Supreme Court has "defined the term 'consult' to mean 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" Miller, 150 F. Supp. 2d at 879 (quoting Flores-Ortega, 528 U.S. at 478). "In cases where the attorney consulted with petitioner about an appeal, the attorney 'performs in a professionally unreasonable manner only by failing to follow the defendant's express

4

instructions with respect to an appeal.'" Id. (quoting Flores-Ortega, 528 U.S. at 478); see Garza, 139 S. Ct. at 746–50; United States v. Peak, 992 F.2d 39, 41–42 (4th Cir. 1993).

To demonstrate ineffective assistance of counsel, a party also must show that counsel's deficient performance prejudiced the party. See Strickland, 466 U.S. at 691–96. A party does so by showing there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. To the extent that Toney challenges his guilty plea, Toney must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would instead have insisted on going to trial. See Lee, 137 S. Ct. at 1965; Hill, 474 U.S. at 59. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citations omitted). To the extent Toney challenges his sentence, Toney must show a reasonable probability that he would have received a different sentence if the sentencing error had not occurred. See Sears v. Upton, 561 U.S. 945, 956 (2010).

A.

As for counsel's alleged failure to consult with Toney about filing a notice of appeal after Toney's sentencing hearing, Toney has stated a claim. Toney initially alleged that counsel did not consult with him about filing a notice of appeal until after the time to file a notice of appeal had expired. See [D.E. 963-1] 6–14; see also Toney Aff. [D.E. 963-2] ¶¶ 19–20. Toney alleged that had counsel discussed an appeal with him, Toney would have instructed counsel to file a notice of appeal. See [D.E. 963-1] 6–14. Counsel states he consulted with Toney via video conference on August 19, 2020—thirteen days after Toney's sentencing hearing. During the conversation, counsel discussed with Toney the pros and cons of an appeal, and Toney then directed counsel not to file a notice of appeal. See Abrams Aff. [D.E. 973-1] 1. Counsel also states Toney never instructed him

5

to file a notice of appeal. See id. In reply, Toney concedes he met with counsel via video conference on August 19, 2020, which was still within the 14-day window to file a notice of appeal. See [D.E. 975] 4; see also Fed. R. App. P. 4(b)(1)(A). Toney, however, now disputes what he and counsel discussed, contends that the discussion does not constitute a constitutionally adequate consultation, and disputes that he instructed counsel not to appeal. See [D.E. 975] 3. Taking Toney's allegations as true, Toney states a claim. See Garza, 139 S. Ct. at 746–50; Flores-Ortega, 528 U.S. at 480; United States v. Tidd, 582 F. App'x 242, 242 (4th Cir. 2014) (per curiam) (unpublished).

The court directs Magistrate Judge Jones to hold an evidentiary hearing on this claim and to issue a memorandum and recommendation. See, e.g., Diaz v. United States, Nos. 7:09-CR-100-D, 7:11-CV-43-D, 2014 WL 7384974 (E.D.N.C. Dec. 29, 2014) (unpublished); Rahman v. United States, Nos. 7:08-CR-126-D, 7:10-CV-69-D, 2013 WL 5222160 (E.D.N.C. Aug. 27, 2013) (unpublished), report and recommendation adopted, 2013 WL 5230610 (E.D.N.C. Sept. 16, 2013) (unpublished). The court requests Judge Jones to assess Toney's credibility at the hearing. If Judge Jones determines that Toney committed perjury at the hearing concerning his discussions with his former counsel concerning an appeal, the memorandum and recommendation should so state.[2]

B.

As for counsel's alleged failures during plea negotiations and at sentencing, Toney fails to allege deficient performance and prejudice. Toney attacks his guilty plea on grounds that counsel failed to negotiate a satisfactory guilty plea. Toney attacks his sentence on grounds that counsel

---

[2] To the extent the United States moves for summary judgment, the court denies the motion. See [D.E. 973] 1 n.1. Construing the evidence in the light most favorable to Toney, a genuine issue of material fact exists concerning the substance of Toney's consultations with counsel about filing a notice of appeal during their August 19, 2020 meeting. See Toney Aff. [D.E. 963-2]; Abrams Aff. [D.E. 973-1]. As stated, the court requests Judge Jones to make credibility determinations at the evidentiary hearing to resolve this factual dispute.

6

failed to object to the government's alleged breaches of the plea agreement at Toney's sentencing hearing. Toney also argues that counsel errantly delegated responsibility to a paralegal and refused to notify Toney of the court's disposition of certain pretrial motions. See [D.E. 963-1] 15–25; [D.E. 975] 2–3.

As for the attack on his guilty plea, Toney fails to state a claim. When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; see Lee, 137 S. Ct. at 1965, 1967. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted).

Toney's sworn statements at his Rule 11 proceeding bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Those sworn statements show that Toney affirmed he was satisfied with the representation he received, that he read the plea agreement and discussed it with his attorney, and that he understood each term in the plea agreement before signing it. See [D.E. 714] 14, 23–24. Moreover, at the Rule 11 hearing, Toney affirmed that he understood that any prediction from his lawyer or anyone else as to his actual sentence or any prediction from anyone on any sentencing topic is not binding on the court. Id. at 22–23; contra Toney Aff. ¶¶ 2, 5. Toney also affirmed that he understood that the court could sentence him to the statutory maximum of 240 months' imprisonment and that he could not withdraw his guilty plea if the court did so. See [D.E. 714] 25; contra Toney Aff. ¶ 5. Toney also signed a written plea agreement acknowledging the statutory maximum applicable to his RICO offense. See [D.E. 714] 23–25; [D.E. 653] 3–4, 6.

7

Toney has not plausibly alleged "that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Lee, 137 S. Ct. at 1967–69; Hill, 474 U.S. at 59; Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Toney's assertion in support of his section 2255 motion that he would have insisted on going to trial is merely a post hoc assertion divorced from Toney's sworn statements at his arraignment. See Lee, 137 S. Ct. at 1967. Thus, to the extent Toney seeks to invalidate his guilty plea, Toney has not plausibly alleged prejudice from his counsel's alleged failure to negotiate a plea agreement with which Toney was satisfied.

As for counsel failing to object at sentencing to the government's supposed breaches of Toney's plea agreement, Toney fails to state a claim. See [D.E. 963-1] 15–19. Toney alleges the government breached the plea agreement by presenting evidence, including witness testimony, at Toney's sentencing hearing related to a 2009 murder that Toney committed. See id.; PSR ¶¶ 21–26; cf. Mangum, 2020 WL 11622519, at *2–5, 8–14. According to Toney, the government used that evidence to support guideline enhancements based on the conduct underlying counts four and eight, which the United States agreed to dismiss under the plea agreement. See [D.E. 963-1] 15–19; [D.E. 714] 35. Toney argues the government's presentation at the sentencing hearing breached the plea agreement by "rebirth[ing]" counts four and eight and failing to recommend a 180-month sentence as required by the plea agreement. See [D.E. 963-1] 15–19. Toney argues counsel performed deficiently by failing to object to the government's supposed breaches. See id. at 19.

Toney's claim conflicts with reality. Toney stipulated in his plea agreement, which he reviewed with counsel and signed, that U.S.S.G. § 2E1.1(a)(2) dictated his base offense level under the advisory guidelines and that the underlying racketeering activity for purposes of applying section 2E1.1(a)(2) was first degree murder under U.S.S.G. § 2A1.1. See [D.E. 653] 5–6; see also 18 U.S.C.

8

§ 1961(1) (defining "racketeering activity" to include "any act or threat involving murder"). Thus, Toney stipulated that first degree murder was the relevant predicate offense for calculating the advisory guideline range for his RICO conviction. Based on the parties' stipulation, the probation office correctly applied a base offense level of 43 under U.S.S.G. §§ 2E1.1(a)(2) and 2A1.1. See PSR ¶ 71. The probation office did not apply any enhancements to the base offense level. See id. ¶¶ 72–77. Neither the United States nor Toney objected to the PSR. See PSR Add. [D.E. 913] 26. Moreover, pursuant to the plea agreement, Toney received a 3-level reduction in his offense level for acceptance of responsibility. See [D.E. 653] 6; PSR ¶¶ 78–79. Furthermore, the plea agreement did not require the government to recommend a 180-month sentence. See [D.E. 653] 5 (stating the United States "reserves the right to make a sentencing recommendation" without promising a particular recommendation).

At sentencing, Toney received a 240-month sentence, and the court dismissed counts four and eight pursuant to the plea agreement. See [D.E. 930] 1–2. Dismissing counts four and eight did not negate Toney's stipulation in his plea agreement that the predicate offense relevant to calculating the advisory guideline range for his RICO conviction was first degree murder. Instead, Toney's plea agreement allowed Toney to plead guilty to count one and avoid further prosecution for murder (count four) and a serious drug offense (count eight). Contrary to Toney's assertions, no witnesses testified at Toney's sentencing hearing. See [D.E. 927] (court's minutes for Toney's sentencing hearing). To the extent the government discussed the 2009 murder at Toney's sentencing hearing in connection with the 18 U.S.C. § 3553(a) factors, that discussion properly related to "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The court was very familiar with the murder because two of Toney's fellow gang members went to trial, got convicted, and are serving life sentences. See Mangum, 2020 WL

11622519, at *2–20; see also Jury Verdict, Sentencing, & Judgment, Mangum, 5:16-CR-12-D-6 (E.D.N.C. 2019–20), [D.E. 796, 886, 903]; Jury Verdict, Sentencing, & Judgment, United States v. Devine, 5:16-CR-12-D-1 (E.D.N.C. 2019–20), [D.E. 794, 860, 861]. Here, the parties abided by, the court honored, and Toney received the incredible benefits of the terms of the plea agreement. The government did not breach Toney's plea agreement.

Toney has failed to plausibly allege deficient performance. Counsel acted reasonably in negotiating and advising Toney to accept a plea agreement whereby Toney avoided prosecution for murder and a serious drug offense and avoided the life sentence that would have followed his conviction on such charges. Contra Toney Aff. ¶ 16. Moreover, objecting to the United States' conduct at sentencing would have been baseless, and counsel did not perform deficiently by not making a baseless objection. See, e.g., Knowles, 556 U.S. at 124–28; Strickland, 466 U.S. at 687–91; United States v. Surginer, 64 F.3d 661, 1995 WL 494914, at *2 (4th Cir. 1995) (per curiam) (unpublished table decision). Even if not baseless, counsel did not need to "raise every available nonfrivolous" argument to provide effective representation. See, e.g., Knowles, 556 U.S. at 126–27. Rather, counsel's "reasonable appraisal of a claim's dismal prospects for success" is reason enough not to raise it. Id. at 127. Thus, Toney has not plausibly alleged deficient performance.

Alternatively, Toney has not alleged prejudice. At sentencing, the court stated that even if it miscalculated the advisory guideline range, it would impose the same sentence as an alternative variant sentence in light of the entire record, the arguments of counsel, and the section 3553(a) factors. See [D.E. 931] 4; United States v. Gomez-Jimenez, 750 F.3d 370, 385–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 164–65 (4th Cir. 2012). In light of the court's alternative variant sentence, Toney has not plausibly alleged that but for counsel's alleged deficiencies, Toney would have received a lower sentence. See Sears, 561 U.S. at 956.

10

Next, Toney alleges counsel performed deficiently by delegating to a "paralegal," William Pruden, responsibilities that allegedly only an attorney should perform. See [D.E. 963-1] 20–22. However, Pruden was not a paralegal but a licensed attorney working pro bono on Toney's case. See [D.E. 648] (Pruden's notice of appearance). Thus, during all of the circumstances Toney alleges, Toney received the advice and assistance of a licensed attorney. Two attorneys coordinating and sharing the responsibilities of a representation is not deficient performance. Moreover, Toney does not plausibly allege prejudice resulting from having two attorneys working together to represent him. Accordingly, Toney fails to state a claim based on lead counsel's allegedly deficient delegation of responsibility to another licensed attorney.

Finally, as for counsel's alleged failure to update Toney on the court's disposition of various motions, Toney fails to state a claim. See [D.E. 963-1] 22–23; Toney Aff. ¶¶ 12–14. On July 22, 2019, the court dismissed these motions as moot in light of Toney's guilty plea. Taking Toney's allegations as true, even if counsel performed deficiently by not advising Toney that the court dismissed the motions, Toney has not plausibly alleged prejudice. Toney does not plausibly allege that but for failing to advise him of the status of his motions, the outcome of the proceeding would have been different.

## III.

In sum, the court GRANTS IN PART respondent's motion to dismiss [D.E. 972] and DISMISSES IN PART petitioner's motion at [D.E. 963]. The court dismisses petitioner's ineffective assistance claims concerning counsel's performance during plea negotiations and at petitioner's sentencing hearing. However, the court permits petitioner's claim that counsel failed to properly consult with him concerning a notice of appeal to proceed. The court REFERS

11

petitioner's remaining claim to Judge Jones for a prompt evidentiary hearing and a memorandum and recommendation.

SO ORDERED. This 8 day of December, 2021.

JAMES C. DEVER III
United States District Judge