IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-12-D
No. 5:21-CV-221-D

| | |
|---|---|
| DEMETRIUS DESHAUN TONEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 12, 2021, Demetrius Deshaun Toney ("Toney") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 240-month sentence [D.E. 963]. On July 22, 2021, the government moved to dismiss Toney's motion [D.E. 972] and filed a memorandum in support [D.E. 973]. On August 9, 2021, Toney responded in opposition [D.E. 975]. On December 8, 2021, the court granted in part the government's motion to dismiss, dismissed all of Toney's claims under section 2255 except his claim that his counsel failed to consult with him concerning filing a notice of appeal, and referred that remaining claim to Magistrate Judge Jones for an evidentiary hearing and memorandum and recommendation ("M&R"). See [D.E. 981].

On February 23, 2022, Judge Jones held an evidentiary hearing. See [D.E. 992]. On March 7, 2022, Judge Jones issued an M&R recommending the court dismiss Toney's remaining ineffective assistance of counsel claim. See [D.E. 1000]. Neither party objected to the M&R.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th

Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the entire record, including the M&R and the parties' briefs. The court agrees with the analysis in the M&R. Thus, the court adopts the M&R [D.E. 1000].

After reviewing the claims presented in Toney's motion, the court finds that reasonable jurists would not find the court's treatment of Toney's claims debatable or wrong, and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court ADOPTS the findings and conclusions in the M&R [D.E. 1000], GRANTS the government's motion to dismiss [D.E. 972], and DISMISSES Toney's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 963]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This 22 day of March, 2022.

JAMES C. DEVER III
United States District Judge